Exhibit C

| ☐ Expedite |
| ☐ No hearing is set |
| X Hearing is set: |
| Date: 2/21/13 |
| Judge: Tabor |

RECEIVED

14 FEB 19 P12:10

THURSTON
SUPERIOR COURT

*[handwritten annotations: "Explains contempt claim" and "page 2 → Shows contempt went to court no JZ Inc"]*

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN THE COUNTY OF THURSTON

JZK, INC., a Washington corporation, including RAMTHA'S SCHOOL OF ENLIGHTENMENT ("RSE"), a division thereof,

    Plaintiff,

vs.

VIRGINIA COVERDALE,

    Defendant.

Case No.: 12-2-02241-8

**RESPONSE TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE**

## I. RELIEF REQUESTED

COMES NOW Defendant Virginia Coverdale, by and through her attorney of record, Breckan C.L. Scott, Attorney & Counselor of Law, PLLC, and requests that this Court deny Plaintiff's Motion for Order to Show Cause because Ms. Coverdale could not intentionally violate any order which 1) does not specifically state the provision which is alleged to have been violated, and 2) a person cannot intentionally violate an order when it is impossible for them to comply.

## II. RESPONSE

**STATEMENT OF FACTS**

On 11/14/13, the Court Ordered Ms. Coverdale to "preserve" $1500.00. At the time, Ms. Coverdale did not have that full amount, so preserved the amount that was left (she testified to this fact at her post proceeding deposition on Friday, February 14, 2014) until "further order of the Court," pursuant to the Order

RESPONSE TO PLAINTIFF'S MOTION TO SHOW
CAUSE - 1

BRECKAN C.L SCOTT
ATTORNEY & COUNSELOR OF LAW, PLLC
P.O BOX 1123 • YELM, WA • 98597
TEL. (360) 960-8951 • INFO@BRECKANLAW.COM

Case 17-04014-BDL    Doc 40-3    Filed 10/11/17    Ent. 10/12/17 09:38:45    Pg. 2 of 6

After a subsequent Order was entered, she reasonably believed that, by the explicit terms, the Order no longer required that any of those funds be preserved.

On 11/22/13, the Court ruled that Ms. Coverdale violated the 10/23/13 Order and the Writ by selling the vehicle. As a sanction for the contempt, the Court ordered her to pay $3,000.00 into the registry of the Court by December 20, 2013, but did not decide the disposition of those funds, nor did it specifically inquire as to whether Ms. Coverdale had the ability to pay those funds. The Court also Ordered that Ms. Coverdale could purge the contempt, and avoid paying the sanction, if she rescinded the transaction thus putting the vehicle back under the Court's jurisdiction. On the evening of 11/22/13 (or within a day or two thereof), Ms. Coverdale's counsel spoke with Mr. O'Sullivan, who indicated that he was not interested in returning the vehicle. Ms. Coverdale has no legal method of compelling the transaction to be rescinded. She did not, does not, and at no *relevant* time had the $3,000.00 to pay into the court registry.

Contempt of court is intentional disobedience of any lawful order of the court. RCW 7.21.010(1)(b); *King v. Dep't of Soc & Health Servs.*, 110 Wash.2d 793, 797, 756 P.2d 1303 (1988). The power to censure contemptuous behavior flows from both statute and the inherent power of the courts. *In re Marriage of Nielsen*, 38 Wash.App. 586, 588, 687 P.2d 877 (1984). Contempt may be criminal or civil. *King*, 110 Wash.2d at 799, 756 P.2d 1303. The primary purpose of the civil contempt power is to coerce a party to comply with an order or judgment. *Id.* A trial court may impose a contempt sanction using its inherent constitutional authority or under statutory provisions found in Title 7 RCW. *A.K.*, 162 Wash.2d at 645, 652, 174 P.3d 11.

Generally, there are two types of contempt civil and criminal. *Berty*, 136 Wash.App. at 84, 147 P.3d 1004 Washington's contempt statutes define contemptuous conduct but they do not distinguish between civil and criminal contempt. *State v Hobble*, 126 Wash 2d 283, 292, 892 P 2d 85 (1995). Instead, the statutes distinguish between punitive and remedial sanctions

RESPONSE TO PLAINTIFF'S MOTION TO SHOW CAUSE - 2

BRECKAN C.L SCOTT
ATTORNEY & COUNSELOR OF LAW, PLLC
P.O BOX 1123 • YELM, WA • 98597
TEL. (360) 960-8951 • INFO@BRECKANLAW.COM

Case 17-04014-BDL    Doc 40-3    Filed 10/11/17    Ent. 10/12/17 09:38:45    Pg. 3 of 6

for contempt. RCW 7.21 010, .030, .040; *In re Marriage of Didler*, 134 Wash.App. 490, 500, 140 P 3d 607 (2006), *review denied*, 160 Wash.2d 1012, 161 P.3d 1026 (2007).

A "punitive sanction" is "a sanction imposed to punish a past contempt of court for the purpose of upholding the authority of the court." RCW 7.21.01 0(2). A "remedial sanction" is "a sanction imposed for the purpose of coercing performance when the contempt consists of the omission or refusal to perform an act that is yet in the person's power to perform." RCW 7.21.010(3). A "remedial sanction" is also required as a sanction and is imposed for the purpose of coercing performance when the contempt consists of the omission or refusal to perform an act that is yet in the person's power to perform.

1. **There was no intentional violation of the orders.**

Contempt actions are governed by RCW 7.21, et. seq., "Contempt of Court." "Contempt of Court" means *intentional*: "disobedience of any lawful judgment, decree, or process of the court." *RCW 7.21.010(1)(b)*. Punitive sanction means "a sanction imposed to punish a past contempt of court for the purpose of upholding the authority of the court." *RCW 7.21.010(2)*. Remedial sanction means "a sanction imposed for the purpose of coercing performance when the contempt consists of the omission or refusal to perform an act that is yet within the person's power to perform." *RCW 7.21.010(3)*.

The Court Ordered Ms. Coverdale to either purge the contempt by getting the vehicle back into the Court's jurisdiction by rescinding the sale, or pay $3,000.00 to the Court registry by December 20, 2013 as a sanction for selling the vehicle, which the Court found was in violation of Court Orders. There is no evidence that she has the legal authority to force the vehicle to be returned, and Mr. O'Sullivan has apparently decided to hire an attorney and appear rather than return the vehicle. At no relevant times did Ms. Coverdale have the funds to comply with the Orders - so cannot have intentionally violated, as is the standard for a finding of contempt.

RESPONSE TO PLAINTIFF'S MOTION TO SHOW
CAUSE - 3

BRECKAN C.L SCOTT
ATTORNEY & COUNSELOR OF LAW. PLLC
P.O BOX 1123 • YELM, WA • 98597
TEL. (360) 960-8951 • INFO@BRECKANLAW.COM

Case 17-04014-BDL    Doc 40-3    Filed 10/11/17    Ent. 10/12/17 09:38:45    Pg. 4 of 6

2. **JZK, Inc.'s Motion and Request for a finding of Intentional Violation is simply an illegitimate "end-run" around properly bringing a fraudulent transfer claim, and could act to prejudice Mr. O'Sullivan if binding on JZK, Inc.'s separate motion noted for next Friday.**

The "sanction" for the "intentional" violation of the Court's Order regarding appraisals provided a purge clause if Coverdale returned the vehicle to the Court. Of note, the Washington Supreme Court recently granted Ms. Coverdale's Motion to Consolidate her appeal of that contempt order with the underlying case.

Putting aside the argument, also asserted on appeal, that Ms. Coverdale never had the legal authority to rescind the transaction, a judicial ruling with the potential to bind a non-present party who is involved in concurrent proceedings on this issue would cause some significant questions regarding due process, notice, etc. Further, it would allow Plaintiff to avoid the provisions of the Uniform Fraudulent Transfers Act entirely – having already had a binding decision without giving opportunity for a necessary person notice or opportunity to be heard.

3. **Additional support is found in rule that ambiguity must be construed in favor of Ms. Coverdale**

In determining whether the facts support a finding of contempt, "we strictly construe the order alleged to have been violated, and the facts must constitute a plain violation of the order." *In re Marriage of Humphreys*, 79 Wn.App. 596, 599, 903 P.2d 1012 (1995). Further, "If the finding is based upon the violation of an order, the order must be strictly construed in favor of the contemnor." *Id.*

The severity in construction required for an order of contempt was demonstrated as recently as 2012 when Division 2 overturned a trial court's finding of contempt where the Order provided that a company was to "install" a certain system, but did not specifically state

RESPONSE TO PLAINTIFF'S MOTION TO SHOW CAUSE - 4

BRECKAN C.L SCOTT
ATTORNEY & COUNSELOR OF LAW, PLLC
P.O BOX 1123 • YELM, WA • 98597
TEL. (360) 960-8951 • INFO@BRECKANLAW.COM

that it was to operate that system. *State Dept. of Ecology v. Tiger Oil Corp.*, 271 P. 3d 331, 166 Wn. App. 720 (2012)("...although the...decree required [Defendant] to install the [system], "strictly construed" in favor of [Defendant], the...decree did not clearly [require its operation]).

When the allegations made by JZK, Inc. are compared to the basis in the Orders claimed to have been intentionally violated, a careful reading of the language indicates that clearly contempt is inappropriate.

### III. Conclusion

Ms. Coverdale was unable, either because she did not have the funds or she had no legal authority, to comply with the Orders cited by JZK, Inc. Further, there simply cannot be an intentional violation of a Court Order when the basis for the contempt was not plain on the face of the Orders, or within the power of the person subject to the Order. A finding of contempt requires a severely restricted reading of the Order upon which the contempt is based, such that all ambiguities are construed in favor of the contemnor and only an intentional violation that is plainly clear from the facts can be chargeable as contempt. This Court should also recognize and deny what is an attempt to obtain an unfair advantage in its fraudulent transfer claims by requesting a "sanction" that establishes the claim for them – without notice to all necessary parties.

For all of the aforementioned reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion. If Ms. Coverdale is found in contempt, we request a judicial finding of finality of any resulting order, such that a prompt consolidation with the appeal can be completed. DATED this 19th day of February, 2014.

BRECKAN C.L.SCOTT, ATTORNEY & COUNSELOR OF LAW, PLLC

/s/ Breckan Scott
By: Breckan C. Scott, WSBA No. 41585
Attorney for Defendant Coverdale

RESPONSE TO PLAINTIFF'S MOTION TO SHOW CAUSE - 5

BRECKAN C.L SCOTT
ATTORNEY & COUNSELOR OF LAW, PLLC
P.O BOX 1123 • YELM, WA • 98597
TEL. (360) 960-8951 • INFO@BRECKANLAW.COM

Case 17-04014-BDL    Doc 40-3    Filed 10/11/17    Ent. 10/12/17 09:38:45    Pg. 6 of 6